**UNITED STATES of America,**
**Appellee,**

v.

**Larry BIG BOY, Appellant.**

**No. 02–2795.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 2003.

Decided Feb. 18, 2003.

Before BOWMAN, FAGG, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

Larry Big Boy, an Indian, entered an
agreement with the Government to plead
guilty to abusive sexual contact in violation
of 18 U.S.C. §§ 2244(a)(1), (c) and § 1153
(2000). At his plea hearing, Big Boy told
the district court* he was hesitant to plead
guilty. The district court excused the pros-
ecutor and engaged Big Boy in a colloquy
about his concerns and the plea process.
At the end of the colloquy, Big Boy agreed
that he did want to plead guilty that day.
The prosecutor returned and the plea
hearing continued. Big Boy in fact plead-
ed guilty. During the plea colloquy, Big
Boy admitted the factual basis for the
charge, and agreed he understood what
the Government must prove at trial, the
terms of the plea agreement, the maximum
possible penalties, and his trial related
rights. Big Boy stated he was pleading
guilty voluntarily, and was not coerced.
In the written plea agreement, Big Boy
waived the right to appeal anything except
an upward departure from the guidelines
range established by the court.

Later, at sentencing, Big Boy told the
district court he wanted to withdraw his
guilty plea. The district court continued
the sentencing hearing and informed Big
Boy he must file a formal written motion
to withdraw his plea. Big Boy first sub-
mitted a letter and then a formal pro se
motion to withdraw his plea, indicating he
felt pressured to plead guilty, asserting he
was innocent because he would "never hurt
or abuse any of [his] grandchildren," and
questioning the adequacy of the answers in
the earlier colloquy. After a hearing, the
district court denied Big Boy's motion,
finding he had not stated a fair and just
reason to withdraw his plea, his assertion
of innocence was conclusory, the motion
was not filed in a timely manner, and the
Government would not be prejudiced. The
district court continued the sentencing
hearing until the next day, heard more
evidence, and sentenced Big Boy to 168
months in prison, without imposing an up-
ward departure from the guidelines range.
Big Boy now appeals, arguing he should be
permitted to withdraw his guilty plea.
The Government filed a motion to dismiss,
claiming Big Boy waived his right to ap-
peal.

The Government's motion is well-taken.
Big Boy waived his right to appeal in the
plea agreement. Waivers of the statutory
right to appeal are valid and enforceable if

---

* The Honorable Karen E. Schreier, United
States District Court for the District of South
Dakota.

they are knowing and voluntary. *United States v. Street,* 257 F.3d 869, 870 (8th Cir.2001); *United States v. Michelson,* 141 F.3d 867, 871 (8th Cir.1998). After considering the circumstances surrounding the signing and entry of the plea agreement, we conclude Big Boy willingly agreed to its terms. *See Michelson,* 141 F.3d at 871.

We thus grant the Government's motion to dismiss this appeal based on Big Boy's voluntary waiver of appellate rights. *See* 8th Cir. R. 47B.